[Cite as *Maxwell v. Columbus Maennerchor*, 2016-Ohio-7133.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Clarence L. Maxwell (Walt Reiner) et al.,  :

        Plaintiffs-Appellants/     :
        [Cross-Appellees],

                        :

v.                                       No. 16AP-41

                        :      (C.P.C. No. 10CVH 03 3427)

The Columbus Maennerchor,

                        :      (REGULAR CALENDAR)

        Defendant-Appellee/
        [Cross-Appellant].     :

---

D E C I S I O N

Rendered on September 30, 2016

---

**On brief:** *Stephen H. Dodd*, for appellant Walt Reiner.
**Argued:** *Stephen H. Dodd.*

**On briefs:** *Eastman & Smith Ltd.,* and *Stephen D. Brown*;
*O'Reilly Law Offices*, and *Michael J. O'Reilly*, for appellee.
**Argued:** *Stephen D. Brown.*

---

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1}   Plaintiff-appellant, cross/appellee, Walt Reiner, appeals the judgment entry of the Franklin County Court of Common Pleas which entered judgment against Reiner for compensatory damages, punitive damages, attorney fees and legal expenses, in favor of defendant-appellee/cross-appellant, The Columbus Maennerchor.  The Maennerchor appeals the trial court's judgment entry which denied their motion for pre-judgment interest.  For the following reasons, we affirm the trial court's judgment.

{¶ 2}   Reiner brings five assignments of error for our consideration:

[I.] The common pleas court erred to the prejudice of appellant in denying appellant's motion for judgment for a new trial.

[II.] The jury's verdict, and the resulting final judgment on the appellee's counterclaims against appellant, are against the manifest weight of the evidence.

[III.] The jury's verdict as to the amount of damages is against the manifest weight of the evidence as it is contrary to the evidence presented by appellee in support of its claims.

[IV.] Because of the lack of evidence as to the issue of reasonableness, appellee failed to establish the elements of a claim for attorneys' fees as a matter of law.

[V.] The jury's award of punitive damages is against the manifest weight of the evidence

{¶ 3} The Maennerchor brings one cross-assignment of error for our consideration:

The trial court erred in adopting the magistrate's decision denying cross-appellant the Columbus Maennerchor's request for pre-judgment interest.

## I. Fact and Case History

{¶ 4} The issues from this case result from the large debt and deteriorating financial situation that the Maennerchor found itself in during the latter half of 2006. Many members of the Maennerchor and its board loaned money to the institution in order to keep it afloat by providing funds to pay operating costs and monthly bills. As a result of the dire situation, the Maennerchor began assessing different proposals, including the possibility to sell its land and real property located on South High Street in German Village of Columbus. This case revolved around a proposal put forth by Reiner and the actions of Reiner and Dr. Clarence Maxwell.

{¶ 5} On March 4, 2010, appellant and 22 other individuals commenced this action against the Maennerchor, alleging that the Maennerchor had borrowed money from the plaintiffs. Plaintiffs argued that the Maennerchor had executed promissory

notes and that the loans and notes were due and unpaid.  On September 9, 2010, the trial court entered summary judgment in favor of the plaintiffs.

{¶ 6}   On April 19, 2011, the Maennerchor filed amended counterclaims against the plaintiffs, Dr. Clarence Maxwell and Walt Reiner, for breach of fiduciary duty and civil conspiracy as well as a counterclaim against Reiner for tortious interference with a business relationship.  The counterclaims for civil conspiracy would be dismissed without prejudice before the trial began.

{¶ 7}   On January 28, 2013, a nine-day jury trial commenced in front of the trial courts' magistrate.  The jury found that Reiner was liable and awarded judgment in favor of the Maennerchor for $378,130 in compensatory damages and $378,130 in punitive damages.  The Maennerchor was also awarded attorney fees which were later stipulated to be $222,000.  The jury found in favor of Dr. Maxwell.

{¶ 8}   On March 7, 2013, the Maennerchor moved for pre-judgment interest on the award against Reiner pursuant to R.C. 1303.43(C)(1), alleging that the Maennerchor made a good-faith effort to settle its counterclaims but Reiner failed to make a good-faith effort to do so.  Reiner,  after the jury verdict, filed a motion for judgment notwithstanding the verdict or, in the alternative, a motion for a new trial.  The parties agreed to waive a hearing on pre-judgment interest and allow the magistrate to rule based upon the parties' memoranda in support of and in opposition to the motion.  The amount of pre-judgment interest in question amounts to $248,945.25.

{¶ 9}   On February 13, 2014, the magistrate filed a decision denying the Maennerchor's motion for pre-judgment interest against Reiner.  Reiner's motion for judgment notwithstanding the verdict or, in the alternative, for a new trial, was also denied.  Reiner and the Maennerchor both filed objections to the magistrate's decision.

{¶ 10} On December 22, 2015, the trial court adopted the magistrate's decision with respect to both Reiner's motions and the Maennerchor's motion for pre-judgment interest.  Both parties timely appealed the decision of the trial court.

**II. Pre-Judgment Interest**

{¶ 11} The Maennerchor's single assignment of error argues that the trial court erred in adopting the magistrate's decision denying the Maennerchor's motion for pre-judgment interest.

{¶ 12} Pursuant to R.C. 1343.03(C)(1), a trial court shall grant a party pre-judgment interest:

> If, upon motion of any party to a civil action that is based on tortious conduct, that has not been settled by agreement of the parties, and in which the court has rendered a judgment, decree, or order for the payment of money, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case.

{¶ 13} R.C. 1343.03(C) encourages litigants to make a good-faith effort to settle their case, thus conserving legal resources and promoting judicial economy. *Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St.3d 638, 657-58 (1994); *Kalain v. Smith*, 25 Ohio St.3d 157, 159 (1986).

> A party has not "failed to make a good faith effort to settle" under R.C. 1343.03(C) if he has (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party.

*Moskovitz* at 658; *Kalain* at syllabus. If a party "has a good faith, objectively reasonable belief that he has no liability," then they need not satisfy the fourth requirement, but courts must strictly construe this exception to carry out the purpose of R.C. 1343.03. *Moskovitz* at 659. However, the existence of a good faith, objectively reasonable belief of no liability does not excuse a defendant from satisfying the remaining three requirements. *Galayda v. Lake Hosp. Sys.,* 71 Ohio St.3d 421, 429 (1994).

{¶ 14} Trial courts have discretion to determine whether the parties have exercised good faith, and an appellate court will only reverse such a determination if the trial court has abused its discretion. *Moskovitz* at 658.

> A trial court does not abuse its discretion in awarding prejudgment interest when, as here, a defendant "just says no" despite a plaintiff's presentation of credible medical evidence that the defendant physician fell short of the standard of professional care required of him, when it is clear that the plaintiff has suffered injuries, and when the causation of those injuries is arguably attributable to the defendant's conduct.

*Galayda* at 429. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 15} We have previously found in the analysis of awarding pre-judgment interest that determining whether a defendant has a good faith, objectively reasonable belief that they have no liability necessitates reviewing whether the defendant rationally evaluated his risks and potential liability. *Whitmer v. Zochowski*, 10th Dist. No. 15AP-52, 2016-Ohio-4764, ¶ 118. "A defendant who does not rationally evaluate his risks and potential liability cannot hold a good faith, objectively reasonable belief of no liability. Thus, our consideration of the two requirements merges into one analysis." *Id.*

{¶ 16} The Maennerchor argues that Reiner failed to rationally evaluate his risks and potential liability in the litigation and failed to make a good-faith effort to settle the case. The Maennerchor further asserts that the magistrate's conclusions are not supported by the evidence, that Reiner's attorney's email dated January 18, 2013 does not show good faith and that a draft letter relied upon by the magistrate was never sent by Reiner's attorney.

{¶ 17} The trial court adopted the magistrate's decision denying pre-judgment interest after carefully analyzing the Maennerchor's objections. The trial court noted in its December 22, 2015 decision addressing pre-judgment interest that the Maennerchor did not make a settlement demand until January 16, 2013, 12 days before the start of trial.

{¶ 18} The trial court also noted at trial that there was a considerable amount of conflicting testimony including expert testimony. There was conflicting testimony on whether Columbus' Historic Preservation Office would allow the development of the site and whether the development of the site was feasible, which was a matter for the jury to evaluate. The trial court noted other weaknesses in the Maennerchor's case, the argument

that Reiner's proposal was not against the best interests of the Maennerchor, and the rumors that the club would be evicted or the property would be flipped. The court determined these were questions for the jury and there was evidence going both ways on these issues.

{¶ 19} As to the Maennerchor's argument that a January 18, 2013 email from Reiner's attorney shows a lack of good faith, the trial court stated that the email responded that there was no good claim against Dr. Maxwell and that Reiner would consider forgiving some of the debt owed to him by the Maennerchor to settle the case. The trial court determined that these issues of the case were heavily contested and therefore the settlement response was in good faith.

{¶ 20} The trial court also noted that the jury rendered a verdict in favor of Dr. Maxwell, and that the case turned on the credibility of the witnesses and the weight of the evidence. As a result, the trial court found that the Maennerchor failed to meet its burden to show that Reiner failed to make a good-faith effort to settle the claims in this matter.

{¶ 21} Having reviewed the record, we find that the trial court did not abuse its discretion in determining that the Maennerchor failed to prove that Reiner failed to make a good-faith effort to settle the case. There were many contested issues in this case that had credible evidence on both sides which created questions for the jury to determine. The decision of the trial court to adopt the magistrate's decision denying the Maennerchor's motion for pre-judgment interest is affirmed.

## III. Reiner's Five Assignments of Error

{¶ 22} Reiner's first, second, third and fifth assignments error all focus on the manifest weight of the evidence. Reiner argues that the manifest weight of the evidence does not support the jury's verdict or the awarding of punitive damages and that, as a result, a new trial must be ordered.

{¶ 23} Decisions supported by competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *Melvin v. Ohio State Univ. Med. Ctr.,* 10th Dist. No. 10AP-975, 2011-Ohio-3317, ¶ 34; *See C. E. Morris Co. v. Foley Const. Co.,* 54 Ohio St.2d 279 (1978). A trial court's findings of fact are presumed correct, and "the weight to be given the evidence and

the credibility of the witnesses are primarily for the trier of fact to decide." *Eagle Land Title Agency v. Affiliated Mtge. Co.*, 10th Dist. No. 95APG12-1617 (June 27, 1996), citing *State v. Thomas*, 70 Ohio St.2d 79 (1982). This presumption arises because the trier of fact "is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984). The trier of fact is free to believe or disbelieve all or any of the testimony. *State v. J.L.S.*, 10th Dist. No. 08AP-33, 2012-Ohio-181.

{¶ 24} App.R. 16 requires that the brief shall include: an argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary. App.R. 16(A)(7). "[I]t is not the duty of an appellate court to search the record for evidence to support an appellant's argument as to any alleged error." *Gaskins v. Mentor Network-REM*, 8th Dist. No. 94092, 2010-Ohio-4676, ¶ 7. Nor, is an appellate court obligated to embark upon a scavenger hunt to determine whether there is merit to appellant's claim. *Nelson v. Ford Motor Co.*, 145 Ohio App.3d 58, 65 (8th Dist.2001).

{¶ 25} The first two assignments of error argue directly that the manifest weight of the evidence does not support the jury verdict and a new trial must be ordered. Reiner argues that the trial court, in its December 22, 2015 decision adopting the magistrate's decision denying Reiner's motion for a new trial and motion for judgment notwithstanding the verdict, did not mention the standard of proof of clear and convincing evidence as required by R.C. 1702.30 for a claim of a breach of fiduciary duty. Reiner submits that, as a result, the trial court failed to properly weigh the evidence for both sides presented in the case.

{¶ 26} Reiner's argument as to the level of weight the trial court attributed to the evidence fails. The trial court quotes the interrogatories answered by the jury including the second:

> Do you find that the Columbus Maennerchor has proved, by clear and convincing evidence, that any act or omission of Walter Reiner, as a Director, was one undertaken with either (a) a deliberate intent to cause injury to the Columbus

Maennerchor, or (b) a reckless disregard for the best interests
of the Columbus Maennerchor?

**YES** (signed by seven jurors)

(December 22, 2015 Decision denying Reiner's objections at 26.)  The trial court later in
the decision states in regards to the sufficiency of the evidence:

> The jury found in its interrogatories that Reiner was liable
> for breach of fiduciary duties and tortious interference with
> a business relationship. The jury awarded damages
> without specification as to whether they were the result of
> a breach of fiduciary duty or tortious interference with a
> business relationship. Neither party requested such an
> interrogatory or verdict.

(Decision at 31-32.)  It is perfectly clear that the trial court was using the correct standard
of evaluating evidence when it pertained to the claim of a breach of fiduciary duty.

{¶ 27} Reiner further argues that the jury was not provided with a clear
explanation of the relationship between each count and the alleged damages which would
result in Reiner not being liable for certain damages.  This argument also fails.  As noted
by both the magistrate and the trial court:

> [T]he jury answered interrogatories finding that Reiner both
> breached his fiduciary duty owed to the CM and tortuously
> interfered with the business relationship between the CM and
> the Stonehenge Company. However, as noted by the
> Magistrate, the interrogatories and verdict did not separate
> the jury's damages award based on the two different causes of
> action.

(Decision fn. 179 at 31.)

{¶ 28} Reiner argues many times in his brief about questions of a factual nature
that were weighed by the jury.  These arguments are bereft of the necessary citations to
the record to show what testimony or exhibit is of such weight as to overcome the
presumption that the jury correctly weighed the evidence and the credibility of witnesses.
It is clear from the transcript and the record that there is competent and credible evidence
going to all elements of the Maennerchor's claims of breach of fiduciary duty and
interference with a business relationship against Reiner.

{¶ 29} The first and second assignments of error are overruled.

{¶ 30} Reiner's third assignment of error argues that the jury verdict, as to the amount of damages, was against the manifest weight of the evidence. Reiner's argument is completely reliant on speculative reasoning about how the jury determined damages. We note that there were no jury interrogatory itemizing damages awarded to the Maennerchor, nor was one requested.

{¶ 31} Further, "the assessment of damages is a matter within the province of the jury." *Welch v. Ameritech Credit Corp.*, 10th Dist. No. 04AP-1123, 2006-Ohio-2528 at ¶ 43; citing *Weidner v. Balzic*, 98 Ohio App.3d 321, 334 (12th Dist.1994). "In Ohio, it has long been held that the assessment of damages is so thoroughly within the province of the jury that a reviewing court is not at liberty to disturb the jury's assessment absent an affirmative finding of passion and prejudice or a finding that the award is manifestly excessive." *Moskovitz at* 655.

{¶ 32} We find that Reiner's argument itself is speculative and fails to point to evidence in the record indicating passion and prejudice or a finding that the jury's award was excessive.

{¶ 33} The third assignment of error is overruled.

{¶ 34} Reiner's fourth assignment of error claims that lack of evidence as to reasonableness defeats one of the elements to the claim for attorney fees as damages. Reiner claims that it was not reasonable for attorney fees incurred during prior litigation in 2007 through 2009 to be included in the damages.

{¶ 35} Here, again, Reiner speculates on what the reasoning was in the determination of damages. Further, the jury instructions made clear that damages to compensate for other attorney fees from the 2007 through 2009 litigation were permissible:

> For breach of fiduciary duties alleged against Walt Reiner and Clarence Maxwell, the Columbus Maennerchor seeks damages for the attorney fees incurred by the Columbus Maennerchor during the litigation in 2007 through 2009. As against Walt Reiner.
>
> For breach of fiduciary duties alleged against Walt Reiner, the Columbus Maennerchor seeks damages for the reimbursement of attorney fees paid by the Columbus

> Maennerchor for those fees incurred by the Stonehenge Company in its defense against certain subpoenas in 2007.

(Tr. Vol. IX at 2010-2011.)  Reiner's argument here is without merit.

{¶ 36}  The fourth assignment of error is overruled.

{¶ 37}  Reiner's fifth assignment of error argues that the award of punitive damages is against the manifest weight of evidence because the evidence did not establish that Reiner acted with a conscious disregard for the rights of the Maennerchor.

{¶ 38}  The second jury interrogatory clearly asks whether Reiner either had a deliberate intent to cause injury to the Maennerchor or acted in reckless disregard for the best interest of the Maennerchor.  (Tr. 2042.)  "Actual malice may be inferred from conduct and surrounding circumstances.  Moreover, intentional, reckless, wanton, willful and gross acts which cause injury to person or property may be sufficient to evidence that degree of malice required to support an award of punitive damages in tort actions." *Leichtamer v. Am. Motors Corp.*, 67 Ohio St.2d 456, 471 (1981)(citations omitted). Reiner's argument is without merit.

{¶ 39}  The fifth assignment of error is overruled.

{¶ 40}  Having overruled the Maennerchor's single cross-assignment of error and Reiner's five assignments or error, we affirm the decision of the Franklin County Court of Common Pleas.

*Judgment affirmed*

KLATT and SADLER, JJ., concur.

————————————